Filed 10/25/21  P. v. Bailey CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LAWRENCE LEE BAILEY,<br><br>     Defendant and Appellant. | B311188<br><br>(Los Angeles County<br>Super. Ct. No. BA218152) |

THE COURT:

Lawrence Lee Bailey (defendant) appeals from an order entered by the trial court denying his postjudgment petition to vacate his murder conviction pursuant to Penal Code section 1170.95.[1]  Counsel was appointed to represent defendant in connection with this appeal.  After examination of the record, counsel filed a brief in which no arguable issues are raised and asked this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  On September 20,

---

[1] All further statutory references are to the Penal Code.

2021, we advised defendant that he had 30 days within which to personally submit any contentions or issues for us to consider. We also granted defendant's unopposed request to take judicial notice of the record in his 2003 direct appeal. On October 15, 2021, this court granted defendant's request for an extension of time to file a supplemental brief to November 19, 2021. On October 18, 2021, defendant filed a supplemental brief.

Pending review by our Supreme Court, we follow our prior holding that the Court of Appeal has no independent duty under *Wende* to review the entire record for reasonably arguable issues on an appeal from an order denying postconviction relief, if counsel files a brief declaring there are no reasonably arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1038–1039, review granted Oct. 14, 2020, S264278 (*Cole*).) Where, as here, the defendant files a supplemental brief, "the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits (that is, by affirming, reversing or other like disposition)." (*Cole*, at p. 1040.) Thus, "this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record." (*Id.* at p. 1028.) We have considered the arguments presented in defendant's supplemental brief and affirm the judgment.

A jury convicted Bailey and codefendant Judge Roberts in 2002 of one count of first degree murder in the shooting death of Patrick Fulton.[2] (§ 187, subd. (a).) The jury found true the

---

[2] We summarize the factual background and some of the procedural history from our opinion affirming defendant's

allegations that defendants each personally and intentionally used and discharged a firearm causing death (§§ 12022.5, subd. (a)(1), 12022.53, subds. (b), (c), (d), (e)(1), 1203.06, subd. (a)(1)), and that they committed the murder for the benefit of a criminal street gang, with the specific intent to promote, further, and assist in criminal conduct by gang members (§ 186.22, subd. (b)(1)).  Bailey was sentenced to 50 years to life, plus another 10 years for a gang enhancement pursuant to 186.22, subdivision (b)(1).  We affirmed Bailey's conviction on direct appeal in 2003, with the exception that the gang enhancement be modified to reflect the three-year term in effect at the time of the offense, rather than the 10-year term imposed by the trial court.  (*People v. Bailey et al.*, *supra*, B159578.)  Bailey subsequently sought, and was denied, habeas relief in the trial court, the Court of Appeal (Oct. 26, 2004, B178208) [petn. for writ of habeas corpus den.]), the California Supreme Court (Nov. 15, 2006, S141381, Nov. 16, 2005, S130267), and the United States District Court for the Central District of California (*Bailey v. Woodford* (C.D. Cal., Oct. 8, 2010, No. CV 06-4152 JFW JC) [2010 U.S. Dist. LEXIS 120458, 2010 WL 4702348], Rep. and recommendation adopted (C.D. Cal., Nov. 12, 2010, No. CV 06-4152 JFW JC) [2010 U.S. Dist. LEXIS 120278, 2010 WL 4702273]).  Defendant's supplemental brief maintains his factual innocence.

As an avenue for postconviction relief, section 1170.95 "empowers a defendant convicted of murder to vacate his murder conviction if it was based upon a theory of vicarious liability—and, in particular, upon a theory of felony murder or natural and probable consequences—unless he acted with the intent to kill or

---

judgment.  (See *People v. Bailey et al.* (Nov. 12, 2003, B159578) [nonpub opn.], review den. Jan. 28, 2004, S130267.)

was 'a major participant' in an underlying felony and 'act[ed] with reckless indifference to human life'; it does not provide relief to a 'person [who] was the actual killer.' " (*Cole*, supra, 52 Cal.App.5th at p. 1030; § 1170.95; see also §§ 188, 189, subd. (e).)

Here, Bailey's conviction was not based on a theory of felony murder or murder under the natural and probable causes doctrine. Rather, a jury convicted Bailey of first degree murder (§ 187, subd. (a)), finding that he personally and intentionally used and discharged a firearm causing death (§§ 12022.5, subd. (a)(1), 12022.53, subds. (b), (c), (d), (e)(1), 1203.06, subd. (a)(1)) and that he committed the murder for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Bailey is thus categorically ineligible for postconviction relief pursuant to section 1170.95, as a matter of law. (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [where record of conviction showed defendant personally used a firearm, "the jury implicitly found [defendant] was the 'actual killer,' " making him ineligible for relief under section 1170.95].) The law does not permit us to revisit the facts underlying Bailey's current conviction, which we have affirmed; thus, he has not raised any arguable issues for reversal on appeal.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED.

LUI, P.J.          ASHMANN-GERST, J.          CHAVEZ, J.

4